0179

C. B. ASKINS, d/b/a C. B. Askins and Company, Respondent, v. FIREDOOR
CORPORATION OF FLORIDA, Appellant.

(316 S. E. (2d) 713)

Court of Appeals

*H. Jackson Gregory* of *Gregory & Gregory*, Columbia, *for appellant.*

*E. LeRoy Nettles* of *Nettles, Turbeville & Reddick,* Lake City, *for respondent.*

May 21, 1984.

CURETON, Judge:

The appellant, Firedoor Corporation of Florida (Firedoor), a corporate resident of Florida, appeals from an order of the trial court holding that Firedoor was subject to the personal jurisdiction of the courts of this State. We affirm.

Askins, a South Carolina resident and contractor, instituted action against Firedoor, a manufacturer of doors, by mailing a summons and complaint to Firedoor in Florida. The complaint alleged a contract between Askins and Firedoor whereby Firedoor was to furnish certain doors for a construction project being undertaken by Askins in Florence, South Carolina. The complaint also alleged a breach of that contract due to the failure of Firedoor to furnish the doors. Firedoor made a special appearance for the purpose of quashing service and contesting the jurisdiction of the circuit court.

The basis upon which Firedoor urged the circuit court to find lack of personal jurisdiction over it were: Firedoor has never done business in South Carolina, owns no property in South Carolina, has no employees in South Carolina, "nor has it engaged in any other activities within or without the State of South Carolina so as to make it subject to the jurisdiction of this [trial] court."

At the hearing before the circuit court, both parties produced one affidavit each in support of their respective positions on the jurisdictional issue. The facts, deduced from Askins's complaint and the affidavits, show that in response to an invitation for bids, Firedoor submitted to Askins by mail a bid to supply certain metal doors and frames for a construction project in accordance with plans and specifications.

After receipt of the bid, Askins wrote to Firedoor accepting the bid, but requesting shop drawings. Thereupon, Firedoor developed shop drawings and forwarded them by mail to Askins for approval. There was then correspondence between Askins and Firedoor about the type of door frame to be supplied. The problem, as we glean from the correspondence, is that at the time Firedoor bid on the job, it utilized architectural plans that did not outline the width of the door jambs. It

nonetheless assumed that the door jambs would have a width of five and three-quarter inches. When Firedoor thereafter determined that some of the door jambs needed to be as wide as thirteen and one-eighth inches, it then demanded that an additional $5,000 be added to the contract price. Askins refused. This suit followed.

Firedoor contends that the effect of its misperception of the type of door frame required by Askins when it submitted its bid was there was never a meeting of minds between the parties. Thus it claims that a contract was never entered into by the parties on which the trial court could premise jurisdiction. Further, Firedoor contends that its activities in South Carolina do not amount to transacting business as contemplated under the South Carolina long-arm statute.

The trial court found that Firedoor transacted business within this State, entered into a contract to be performed within this State, and contracted for the production, manufacture and distribution of goods with the reasonable expectation that those goods would be used or consumed in South Carolina. It therefore found that it had personal jurisdiction over Firedoor under the provisions of Section 36-2-803, Code of Laws of South Carolina, 1976. Section 36-2-803 of the Code provides:

> (1) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's
> (a) transacting any business in this State;
> (b) contracting to·supply services or things in the State;
> . . . .
> (g) entry into a contract to be performed in whole or in part by either party in this State; or
> (h) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.

It is well-settled that a circuit court's finding that a nonresident corporate defendant is personally subject to its jurisdiction is binding upon this Court unless found to be without support in the evidence or manifestly controlled by error of law. *Engineered Products v. Cleveland Crane and Engineering*, 262 S., C. 1, 201 S. E. (2d) 921 (1974);

*Triplett v. R. M. Wade and Co.*, 261 S. C. 419, 200 S. E. (2d) 375 (1973). Further, as a general rule, appellate courts will be bound by the factual findings of the trial court made in response to motions preliminary to trial where there has been conflicting evidence. *City of Chester v. Addison*, 277 S. C. 179, 284 S. E. (2d) 579 (1981), *appeal dismissed,* 456 U. S. 967, 102 S. Ct. 2227, 72 L. Ed. (2d) 840 (1982).

It is also well-settled that the party seeking to invoke the jurisdiction of the courts of this State against-a nonresident by utilization of our long-arm statute has the burden of establishing jurisdiction. *McComb v. Tiburon Aircraft, Inc.,* 276 S. C. 683, 281 S. E. (2d) 482 (1981) (Ness, J., dissenting); *Yarborough and Company v. Schoolfield Furniture Industries, Inc.,* 275 S. C. 151, 268 S. E. (2d) 42 (1980).

At the outset we must dispel Firedoor's contention that the trial court was required to first determine whether there was a binding contract between it and Askins before the court could have found personal jurisdiction based on Section 36-2-803(1)(g) of the Code. At the pretrial stage of determination of jurisdiction, Askins need only make a *prima facie* showing by his pleadings and affidavit that the trial court should exercise personal jurisdiction over Firedoor. *Bryson v. Northlake Hilton,* 407 F. Supp. 73 (M.D.N.C. 1976); *Hankins v. Somers,* 39 N. C. App. 617, 251 S. E. (2d) 640 (1979); *see Moorer v. Underwood,* 194 S. C. 73, 9 S. E. (2d) 29 (1940). Askins did not have to show that he had an unassailable contract since the question before the trial court was jurisdiction to entertain the dispute rather than the ultimate determination of the parties' contract rights. *In re Oil Spill by Amoco Cadiz off Coast of France on March 16, 1978,* 699 F. (2d) 909 (7th Cir. 1983); *Vishay Intertechnology, Inc. v. Delta International Corp.,* 696 F. (2d) 1062 (4th Cir. 1982); *see Palvo v. James,* 437 F. Supp. 125 (S.D.N.Y. 1977); *Vespe Contracting Co. v. Anvan Corp.,* 433 F. Supp. 1226 (E. D. Pa. 1977).

We find that Askins has made a prima facie showing of a contract. He alleges an offer (bid) by Firedoor and an acceptance by himself. In furtherance of the contract, shop drawings were submitted by Firedoor to Askins which were approved with modifications. Additionally, shipping schedules were established by Firedoor and transmitted to Askins. Finally, we note that while the documentary evidence reflects

that Firedoor was aware in March, 1980, that some of the door jambs should exceed the standard width, at no time prior to May 23, 1980, did it claim that this fact vitiated the contract.[1] It was only after Askins refused to increase the contract price on May 7, 1980, by $5,000 that Firedoor disavowed the purported contract.

Firedoor next argues that even if there was a contract, no portion of it was to be performed in South Carolina. This argument has no merit. It cannot be argued that under the contract the doors and jambs were to be delivered some place other than South Carolina. Likewise, since the doors and jambs were to be shipped F.O.B. the job site in Florence, South Carolina, Askins was required under the provisions of Section 36-2-319(4), Code of Laws of South Carolina, 1976, to make payment against tender of the required bills of lading or shipping documents. Payment of the purchase price was thus contemplated to occur in South Carolina. We therefore find that the trial court did not err in finding that the parties entered into a contract to be performed in whole or part in South Carolina.

While not necessary to sustain the trial court's order, we think that Firedoor's activities in South Carolina also satisfy the requirements of "doing business" under the long-arm statute.[2] The cases are legion that a single contact with the forum state is sufficient to give its courts personal jurisdiction over a nonresident if the contact gives rise to, or figures prominently in the cause of action under consideration. *McGee v. International Life Insurance Co.*, 355 U. S. 220, 78 S. Ct. 199, 2 L. Ed. (2d) 233 (1957); *Hardy v. Pioneer Parachute Co.*, 531 F. (2d) 193 (4th Cir. 1976); *Long v. Baldt*, 464 F. Supp. 269 (D.S.C. 1979); *Ross v. American Income Life Insurance Co.*, 232 S. C. 433, 102 S. E. (2d) 743 (1958). Under the "transacting any business" provision of our long-arm statute, we think that the execution of the contract in South Carolina, if not sufficient in itself to satisfy the requirements of the statute,[3] when viewed in conjunction with Firedoor's other purposeful activities performed in fulfillment of the contract, amply supports the trial court's finding that Firedoor transacted business in South Carolina. *Parker v. Williams & Madjanik, Inc.*, 270 S. C. 570, 243 S. E. (2d) 451 (1978); *Hardy v. Pioneer Parachute Co., supra; Ross v. Ameri-*

*can Income Life Insurance Co., supra.* We sustain the trial court's finding that Firedoor transacted business in South Carolina.

Having determined that the trial court was correct in concluding that Firedoor's activities in South Carolina brought it within the operation of the long-arm statute for the purpose of asserting personal jurisdiction over Firedoor, we must now decide whether the trial court's decision to exercise personal jurisdiction over Firedoor is consonant with the requirements of due process. *Cozi Investments v. Schneider,* 272 S. C. 354, 252 S. E. (2d) 116 (1979). The question more directly posited is whether Firedoor's activities within this State meet the test of "minimal contacts" announced in *International Shoe Co. v. State of Washington,* 326 U. S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945), so that this State's exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. We think that the trial court was correct in finding no violation of due process.

In determining what is meant by "traditional notions of fair play and substantial justice," our courts have established three considerations: (1) the duration of the activity of the nonresident in this state; (2) the character and circumstances of the commission of the nonresident's acts; and (3) the inconvenience resulting to the parties by conferring or refusing to confer jurisdiction over the nonresident. *Boney v. Trans-State Dredging Co.,* 237 S. C. 54, 115 S. E. (2d) 508 (1960). In addition, the courts often look to the interests of the State in exercising its jurisdiction over nonresidents. *Parker v. Williams and Madjanik, Inc., supra.* The length and duration of the activity of the nonresident in this State is not deemed important and need only be minimal when the plaintiff lives in the forum state and the cause of action arose out of the defendant's activities in this State. *Lee v. Walworth Valve Company,* 482 F. (2d) 297 (4th Cir. 1973).

South Carolina has a legitimate interest in providing the means for its citizens to seek redress against foreign corporations which allegedly breach contracts with its citizens when it was contemplated that such contracts would be performed in whole or in part in this State. At the time the instant contract was executed both parties intended that some portions of the contract would be performed in South Carolina.

Additionally, this Court has not been apprised of any circumstances that impose an undue hardship upon Firedoor to defend the instant suit in South Carolina or that it would be more unfair for Firedoor to defend the suit in South Carolina than it would be for Askins to prosecute the suit in Florida. *Jacobs v. Association of Independent Colleges and Schools*, 265 S. C. 459, 219 S. E. (2d) 837 (1975); *Bramlett v. Arthur Murray, Inc.*, 250 F. Supp. 1011 (D.S.C. 1966).

Whether due process is satisfied under the facts of this ■ case, depends upon both the quality and nature of Firedoor's activities in South Carolina. *Duplan Corp. v. Deering Milliken, Inc.*, 334 F. Supp. 703 (D.S.C. 1971). We fail to see here how the exercise of personal jurisdiction over Firedoor would be unfair, cause undue hardship to it or offend traditional notions of fair play and substantial justice.

The purposeful contacts of Firedoor with South Caro-■ lina are clearly sufficient to satisfy the constitutional test for minimal contacts with this State. The cases in support of this conclusion are numerous. *McComb v. Tiburon Aircraft, Inc., supra; Hardy v. Pioneer Parachute Co., supra; Ross v. American Income Life Insurance Co., supra; McGee v. International Life Ins. Co., supra.*

Accordingly, the order of the trial court is

Affirmed.

GARDNER and GOOLSBY, JJ., concur.