0971

Earl FIELDS, Respondent v. INA FILTRATION CORPORATION and
Jochen Schoeller, of whom Jochen Schoeller is Appellant.
Appeal of Jochen SCHOELLER.

(358 S. E. (2d) 160)

Court of Appeals

*H. Carlisle Bean,* of *Bean and Bean,* Spartanburg, *for appellant.*

*Jack W. Lawrence,* of *Lawrence, Shaw and Boggs,* Spartanburg, *for respondent.*

Heard May 20, 1987.

Decided June 8, 1987.

CURETON, Judge:

Jochen Schoeller appeals an order of the trial court finding him subject to personal jurisdiction in South Carolina in a suit brought by Earl Fields for breach of contract, payment on a promissory note, and damages for fraud. We affirm.

Jochen Schoeller, a German national residing in Duren, Germany, is a 75 percent shareholder and Chairman of the Board of Directors of INA Filtration Corporation, a South Carolina corporation with its principal place of business in Spartanburg County. INA was incorporated in 1974 to import woven wire cloth for sale in this country. At the time of its incorporation, Schoeller and his father were both shareholders in the corporation. In 1981 Schoeller became sole shareholder. Fields became an employee of INA in February 1979 and was made president of the corporation on January 1, 1980. Both appointments were made subject to employment and salary agreements.

On June 18, 1981, Schoeller executed a stock option agreement by which Fields could purchase twenty-five percent of INA's stock from Schoeller. The option provides that Fields's death or termination of employment with INA shall constitute an irrevocable offer to sell all shares to Schoeller calculated at the book value on the preceeding December

31st. If Schoeller is unable or unwilling to purchase the shares, INA corporation "will have the right and duty to purchase said shares on the same terms and conditions as Jochen Schoeller might have purchased same." In 1983 and 1984, 250 shares of stock were transferred from Schoeller to Fields. On November 26, 1984, Schoeller wrote a letter confirming an agreement with Fields to transfer to Fields the remaining shares under the option, equalling 1,000 shares of INA stock. This transaction was apparently carried out.

On January 1, 1985, INA issued a promissory note to Fields in the amount of $66,500.00 at nine percent interest calculated annually. This note was issued to Fields as a result of his ownership of 25% of the corporation's stock. Apparently, between 1974 and 1979 the shareholders had loaned the corporation $546,000.00. Tax Consultants recommended converting $266,000.00 of that sum to a stockholder's loan. The $66,500.00 note represented 25 percent of that sum, or Fields's interest in the corporation.

Fields gave verbal notice of his resignation as president to Schoeller on October 29, 1985, and written notice to the Board of Directors on October 30, 1985. Fields later commenced this action against INA and Schoeller for bonuses and salary allegedly due him under the employment agreements, to enforce the sale of INA stock pursuant to the stock purchase agreement, for principal and interest payments due on the promissory note, and for actual and punitive damages for fraud.

Schoeller moved to dismiss the action for lack of personal jurisdiction under S. C. R. Civ. P. 12(b)(2), claiming he was not a South Carolina resident, was not doing business in this State, and had no minimum contacts with this State. Schoeller filed three affidavits. Fields entered an opposing affidavit and a deposition of the attorney for INA and Schoeller. The trial judge denied the motion to dismiss for lack of personal jurisdiction. Based on the stock option agreement and its performance, the judge found jurisdiction proper under Section 36-2-803(1)(g), which provides personal jurisdiction over parties to a contract to be performed in whole or in part in this State. The judge further found Schoeller had not addressed the allegations of fraudulent acts in Field's complaint and affidavit, which make a prima

facie showing of a tortious act committed here sufficient to grant jurisdiction under Section 36-2-803(1)(c). The judge also found Schoeller was transacting business in this State sufficient to render jurisdiction under Sections 36-2-802 and 36-2-803(1)(a).

As a general rule, appellate courts will be bound by factual findings of a lower court made in response to motions preliminary to trial where there is conflicting evidence. *Berkeley PG Corp. v. Candler and Lundeen,* 291 S. C. 315, 353 S. E. (2d) 305 (Ct. App. 1987); *City of Chester v. Addison,* 277 S. C. 179, 284 S. E. (2d) 579 (1981), *appeal dismissed, Addison v. City of Chester, South Carolina,* 456 U. S. 967, 102 S. Ct. 2227, 72 L. Ed. (2d) 840 (1982). We need determine, therefore, merely whether there is any evidence in the record to support the trial court's finding of personal jurisdiction.

Under Code Section 36-2-802, our courts have personal jurisdiction over a person doing business in this State. The trial judge found personal jurisdiction over Schoeller under this statute. Schoeller did not except to this finding and has not argued the finding of jurisdiction under this Code Section in his brief. Where no exception is taken to findings of fact or conclusions of law, they become the law of the case. *Ashy v. WeCare Distributors, Inc.,* 289 S. C. 526, 347 S. E. (2d) 123 (Ct. App. 1986).

Despite this, however, we find the trial court properly found personal jurisdiction over Schoeller pursuant to Code Section 36-2-803(1)(g). Under this Section, the court may exercise jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's "entry into a contract to be performed in whole or in part by either party in this state." At the pretrial stage of determination of jurisdiction, Fields need only make a prima facie showing by his pleadings and affidavits that the trial court should exercise personal jurisdiction over Schoeller. *Askins v. Firedoor Corp. of Florida,* 281 S. C. 611, 316 S. E. (2d) 713 (Ct. App. 1984). Fields's complaint and affidavit demonstrate the stock option agreement was actually signed by Fields and Schoeller in South Carolina, and contemplated the sale and transfer of stock in South Carolina. The option was at least partially exercised in South

Carolina in early 1982 and the stock was issued in this State. Portions of the deposition of Schoeller's attorney demonstrate that the stock option he prepared was an agreement between Schoeller and Fields. The attorney testified the shares of stock were kept in his office, in South Carolina, and the transfer of the stock would take place here. Fields also alleged that the tender of repurchase of the stock was made in this State. We agree with the trial court that Fields has made a prima facie showing that Schoeller entered into a contract to be performed in whole or in part in this State sufficient to render personal jurisdiction over him.

We must next determine whether the exercise of personal jurisdiction over Schoeller is consonant with the requirements of due process. *Askins v. Firedoor Corp. of Florida, supra.* This test requires a finding that Schoeller has "minimum contacts" within this State so that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice" under the holding of *International Shoe Co. v. State of Washington,* 326 U. S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945); *see Berkeley PG Corp. v. Candler and Lundeen, supra.* In determining what is meant by "traditional notions of fair play and substantial justice," our courts have established three considerations: (1) the duration of the activity of the nonresident in this State; (2) the character and circumstances of the commission of the nonresident's acts; and (3) the balancing of the inconvenience resulting to the parties of a trial in this State or in the nonresident's state. *Boney v. Trans-State Dredging Co.,* 237 S. C. 54, 115 S. E. (2d) 508 (1960).

The length and duration of the nonresident's activity in this State need only be minimal when the plaintiff lives in this State and the cause of action arose out of the defendant's activities in this State. *Berkeley PG Corp. v. Candler and Lundeen, supra.* In our opinion, the nature of Schoeller's activity in this State constitutes minimum contacts sufficient to satisfy due process. He purposely entered into a stock purchase agreement in this State, to be partly performed here. South Carolina has a legitimate interest in providing the means for its citizens to seek redress against

foreign parties which allegedly breach contracts with its citizens. *See, Askins v. Firedoor Corp. of Florida, supra.* Finally, Schoeller has not demonstrated any undue hardship in requiring him to defend this suit in South Carolina. In our opinion it would be a greater hardship to require Fields to sue Schoeller in Germany. The record reveals that Schoeller periodically attends to his business in South Carolina. His attorney testified to meetings here with Schoeller. Indeed, Schoeller was personally served in this suit in South Carolina.

We hold, therefore, that Schoeller is subject to personal jurisdiction of the South Carolina courts under Code Section 36-2-803(1)(g) by virtue of his entry into a contract to be performed wholly or in part in this State. Moreover, we find the exercise of jurisdiction over Schoeller is consonant with due process. The order of the trial judge denying Schoeller's motion to dismiss for lack of subject matter jurisdiction is

Affirmed.

GARDNER and SHAW, JJ., concur.