1056

Lawrence A. WALTERS, Appellant v. CANAL INSURANCE COMPANY, Respondent.

(363 S. E. (2d) 120)

Court of Appeals

*Glenn W. Thomason* of *Long, Thomason & Mullinax*, Anderson, *for appellant.*

*John M. O'Rourke* of *Doyle & O'Rourke*, Anderson, *for respondent.*

Heard Nov. 9, 1987.

Decided Nov. 30, 1987.

SANDERS, Chief Judge:

Appellant Lawrence A. Walters sued respondent Canal Insurance Company alleging three causes of action: (1) breach of contract; (2) bad faith refusal to pay benefits under a contract of insurance; and (3) conversion. The Circuit Court granted the motion of Canal for summary judgment on all three causes of action. Mr. Walters appeals only those parts of the order of the Circuit Court which granted summary judgment on the causes of action for bad faith refusal to pay benefits under a contract of insurance and conversion. We affirm.

Summary judgment should be granted where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. S.C.R. Civ. P. 56(c).

In his cause of action for breach of contract, Mr. Walters alleged Canal had wrongfully refused to pay certain first party benefits under an insurance policy. In granting summary judgment on this cause of action, the Circuit Court ruled the refusal by Canal to pay benefits was justified because Mr. Walters had not complied with a condition precedent contained in the policy. Mr. Walters has not taken any exception to this ruling. "Where no exception is taken to findings of fact or conclusions of law, they become the 'law of the case.'" *Ashy v. WeCare Distributors, Inc.*, 289 S. C. 526, 528, 347 S. E. (2d) 123, 125 (Ct. App. 1986).

In his cause of action for bad faith refusal to pay benefits under a contract of insurance, Mr. Walters alleged Canal "unreasonably, in bad faith, and in reckless disregard of the rights of the Plaintiff failed to pay the Plaintiff under the terms and conditions of the aforesaid policy." A necessary element of this cause of action is "a refusal by the insurer to pay benefits due under the contract." *Bartlett v. Nationwide Mutual Fire Insurance Co.*, 290 S. C. 154, 158, 348 S. E. (2d) 530, 532 (Ct. App. 1987). The refusal to pay in the instant case was justified as a matter of law. Therefore, a necessary element of the cause of action is missing.

In his cause of action for conversion, Mr. Walters alleged Canal "took the engine out of the Plaintiff's vehicle, dismantled it, and carried it to various places

and as a result thereof, said engine has been completely ruined." (He sought damages "for the conversion of his property.") Conversion is the unauthorized assumption and exercise of the rights of ownership over goods or personal chattels belonging to another, to the alteration of their condition or to the exclusion of the rights of the owner. *Green v. Waidner*, 284 S. C. 35, 324 S. E. (2d) 331 (Ct. App. 1984). "If a party stands by and sees another dealing with his property in a manner inconsistent with his rights and makes no objection while the other changes his position, his silence is acquiescence and it estops him from later seeking relief." *Seabrook Island Property Owners Association v. Pelzer*, 292 S. C. 343, 344, 356 S. E. (2d) 411, 414 (Ct. App. 1987). It is undisputed that Mr. Walters knew Canal was having the engine dismantled to assess the damage and either authorized what Canal did or acquiesced in it.

For these reasons, the order of the Circuit Court is

Affirmed.

GOOLSBY and LITTLEJOHN, JJ., concur.