UMBRO U.S.A., A DIVISION OF STONE MANUFACTURING CO., INC., a South Carolina Corporation, Plaintiff,

v.

Stuart GONER, Three "S" Enterprises, and Applied Finance Ltd., Defendants.

CA No. 6:93–665–20.

United States District Court, D. South Carolina, Greenville Division.

July 2, 1993.

As Amended Aug. 9, 1993.

Donald A. Harper, Brent O.E. Clinkscale, and Matthew P. Utecht, Greenville, SC, for plaintiff.

T.S. Stern, Jr., Greenville, SC and Clifford M. Solomon, New York City, for defendants.

## ORDER

HERLONG, District Judge.

This matter is before the court on the motion by defendants, Stuart Goner ("Goner") and Three "S" Enterprises ("Three S"), to dismiss for a lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Goner and Three S additionally assert that the court should dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, transfer the action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

Three S is a New York corporation with its sole office in New York. It is in the business of locating potential buyers for sellers of goods in exchange for a commission. Three S is not licensed or registered to do business in South Carolina. It owns no real or personal property in South Carolina, and maintains no bank accounts in the state. Three S has no regular customers in South Carolina, pays no taxes in South Carolina, and does not advertise or solicit business in South Carolina. Goner is an employee of Three S. He is a resident of New York.

In the fall of 1992, the plaintiff, Umbro, U.S.A. ("Umbro"), determined that it needed to sell its excess inventory of sportswear. Representatives of Umbro traveled to the New York offices of Three S. Umbro informed Three S that it was looking for an overseas buyer for its excess inventory. Umbro agreed that if Three S found a buyer for the inventory it would pay Three S five percent (5%) of the sales proceeds, based upon a Five Dollar ($5.00) per unit sales price.

Shortly after the meeting in New York, Three S was informed that Ridic Trading Corporation ("Ridic") was interested in purchasing the inventory. On October 20, 1992, Three S informed Umbro of Ridic's interest in the inventory. On the same date, Umbro sent a letter to Three S confirming the terms of the agreement between them.

Umbro reached an agreement with Ridic for the sale of the inventory. Umbro then learned that the ultimate purchaser was not Ridic, but Applied Finance Ltd. ("Applied") in London, England. Umbro agreed the inventory would be shipped from its facility in Greenville, South Carolina, to Norfolk, Virginia, for eventual delivery to London.

During the time period described above, Three S and Umbro had several communications regarding the progress of the transaction by telephone or correspondence.

In February of 1993, Umbro discovered that the inventory had been sent to the New York/New Jersey area and remarked for sale in the United States. Umbro then refused to pay the balance of the commission to Three S. On March 26, 1993, Umbro filed this action.[1]

Three S and Goner have moved for dismissal for a lack of personal jurisdiction. Upon a defendant's motion to dismiss for a lack of personal jurisdiction, the plaintiff has the burden of showing that jurisdiction exists. *White v. Stephens,* 300 S.C. 241, 387 S.E.2d 260, 262 (1990); *Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir.1989). To meet this burden, the plaintiff must make a *prima facie* showing of jurisdiction by the pleadings

---

1. Unaware that this action had been filed, Three S filed an action against Umbro five days later.

and affidavits. *Hammond v. Butler, Means, Evins & Brown,* 300 S.C. 458, 388 S.E.2d 796, 798, *cert. denied sub nom. Kramer v. Hammond,* 498 U.S. 952, 111 S.Ct. 373, 112 L.Ed.2d 335 (1990).

■ In determining personal jurisdiction, the court uses a two-part analysis. The court must determine whether the state long-arm statute authorizes the exercise of jurisdiction. *White v. Stephens,* 300 S.C. 241, 387 S.E.2d 260, 262 (1990). If the exercise of personal jurisdiction is authorized by the long-arm statute, then the court must determine if the assertion of jurisdiction comports with the constitutional standards of due process. *Id.*

■ Umbro asserts that personal jurisdiction is conferred by S.C.Code Ann. § 36–2–803(1)(g) which states that "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's entry into a contract to be performed in whole or in part by either party in this State." Umbro appears to contend that by shipping the inventory from South Carolina, it has performed the contract in part in South Carolina and that this is sufficient to confer jurisdiction under § 803(1)(g).[2] The court does not agree. The contract between Umbro and Three S was a brokerage agreement. The sale of and shipping of the inventory was a condition precedent to performance by Umbro under the contract, but it was not performance required by the contract. Under the contract, Three S performed by finding a buyer for the inventory. This was done in New York. Umbro's performance under the contract was to pay a commission to Three S.[3] There is no evidence that the payment was to be made to Three S in South Carolina. Therefore, the court finds that Umbro has failed to demonstrate that the contract was to be performed in whole or in part in South Carolina such that § 803(1)(g) applies in this case. Because Umbro has failed to show that there is statutory authority for exercising jurisdiction over Three S, this action against Three S should be dismissed.

Goner was not a party to the contract in question. Therefore, personal jurisdiction over him cannot be conferred by § 803(1)(g). Additionally, Umbro has presented no argument or evidence indicating that the court has statutory authority to exercise jurisdiction over Goner under any other provision of the long-arm statute. Therefore, this action against Goner should be dismissed.

■ Even if Umbro had demonstrated statutory authority to exercise personal jurisdiction over Three S and Goner, it has failed to satisfy the second requirement for personal jurisdiction, that the exercise of jurisdiction must satisfy the standards of due process.

■ The due process clause of the Fourteenth Amendment forbids the exercise of personal jurisdiction when it would violate traditional notions of substantial justice and fair play. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Also, it is well established that the exercise of personal jurisdiction is only permissible where the defendant purposefully established minimum contacts in the forum state. *Asahi Metal Industry Co., v. Superior Court of California,* 480 U.S. 102, 108, 107 S.Ct. 1026, 1030, 94 L.Ed.2d 92 (1987); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). Therefore, the court uses a two-prong inquiry in determining whether the standards of due process have been met. First, the court must determine whether the nonresident defendant has purposefully directed its actions toward the forum state so as to establish sufficient minimum contacts with that state. *Asahi,* 480 U.S. at 112, 107 S.Ct. at 1032; *Burger King,* 471 U.S. at 472,

---

**2.** Umbro relies heavily on *Colite Indus., Inc. v. G.W. Murphy Constr. Co., Inc.,* 297 S.C. 426, 377 S.E.2d 321 (1989); *Atlantic Wholesale Co., Inc. v. Solondz,* 283 S.C. 36, 320 S.E.2d 720 (Ct.App. 1984); and *Askins v. Firedoor Corp. of Florida,* 281 S.C. 611, 316 S.E.2d 713 (Ct.App.1984). These cases, however, involve actions between a manufacturer or seller and a buyer. They do not involve the situation presented in this case, a brokerage contract by which a broker attempts to sell goods to a buyer outside of the forum state.

**3.** At this time, Umbro has not paid the full amount of the commission.

105 S.Ct. at 2182. Second, it must determine whether assertion of jurisdiction comports with fair play and substantial justice. *Asahi,* 480 U.S. at 113, 107 S.Ct. at 1032; *Burger King,* 471 U.S. at 476–77, 105 S.Ct. at 2184–85.

■ The focus under the first prong of the due process inquiry must be the contacts generated by the defendant, not the unilateral actions of some other person or entity. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958); *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980); *Burger King,* 471 U.S. at 474, 105 S.Ct. at 2183. In this action, Umbro went to New York to enlist the services of Three S. Umbro initiated the dealings between it and Three S. All of the contacts that Three S and Goner had with South Carolina were generated by Umbro. There is nothing in the record that indicates that Three S and Goner made any purposeful effort to develop a market in South Carolina or to solicit business in South Carolina. All of their contacts with the state were in response to Umbro's unilateral requests. It is true that it is only fair that a corporation seeking to create an interstate business by its own endeavors be subject to suit wherever it extends its reach, because the contacts proximately result from actions of the defendant itself. *Chung v. NANA Development Corp.,* 783 F.2d 1124, 1128 (4th Cir.), *cert. denied,* 479 U.S. 948, 107 S.Ct. 431, 93 L.Ed.2d 381 (1986). Nevertheless, it is equally necessary to protect an enterprise that has not made such efforts. *Id.; see also Wells American Corp. v. Sunshine Electronics,* 717 F.Supp. 1121 (D.S.C.1989). Under the facts of this case, the court is not persuaded that it would be just to subject Three S and Goner to personal jurisdiction in South Carolina. The defendants' contacts with South Carolina were minimal, isolated, and of an unsolicited nature. These contacts were not sufficiently purposeful to satisfy the requirements of due process.

■ The analysis under the second prong, or the fairness prong, reinforces the conclusion that the exercise of jurisdiction in not proper in this matter. Under this prong, the court considers the relative burden on, and the interests of, the parties; the interests of the forum state; the interests of the interstate judicial system in obtaining the most efficient resolution to the controversy; and the shared interest of the several states in furthering fundamental substantive social policies. *Asahi,* 480 U.S. at 113, 107 S.Ct. at 1032.

It is hardly unfair to require Umbro to litigate this action in New York, where it solicited the services of Three S. Nothing in the record indicates that the dispute involved in this action can be resolved more efficiently in South Carolina than in some other forum, such as New York. Further, South Carolina has no substantial state interest which would be advanced by requiring Three S and Goner to submit to the jurisdiction of this court. Requiring such a submission to jurisdiction would foster no fundamental substantive social policies. Accordingly, haling Three S and Goner into court in South Carolina would violate traditional notions of substantial justice and fair play.

Based on the foregoing, the court finds that Umbro has failed to demonstrate that the court has statutory authority to exercise personal jurisdiction over Three S and Goner. Additionally, the court finds that the exercise of personal jurisdiction over Three S and Goner by this court would not be consistent with the requirements of due process. Therefore, it is

**ORDERED** that the defendants' motion to dismiss for lack of personal jurisdiction is granted.

**IT IS SO ORDERED.**