**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

YOUNG BROTHERS PROPERTIES,
INCORPORATED; YOUNG BROTHERS,
INCORPORATED; YOUNG BROTHERS
INCORPORATED OF FLORENCE, d/b/a
Days Inn East,

<u>Plaintiffs-Appellants,</u>

No. 96-1004

v.

ROYAL INSURANCE COMPANY OF
AMERICA,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CA-95-511-4-22)

Argued: October 29, 1996

Decided: February 21, 1997

Before RUSSELL and ERVIN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Charles Craig Young, WILLCOX, MCLEOD, BUYCK
& WILLIAMS, Florence, South Carolina, for Appellants. Finley B.

Clarke, CLARKE, JOHNSON, PETERSON & MCLEAN, P.A., Florence, South Carolina, for Appellee. **ON BRIEF:** William Reynolds Williams, WILLCOX, MCLEOD, BUYCK & WILLIAMS, Florence, South Carolina, for Appellants.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Young Brothers Properties, Inc. ("Young") appeals the district court's order granting summary judgment to Royal Insurance Company of America ("Royal") on its claims against Royal for breach of contract and bad faith refusal to defend and pay benefits under the contract--a general liability insurance policy. Young contends the district court erroneously granted Royal summary judgment because it misconstrued the facts in favor of Royal and disregarded existing questions of material fact. Finding no error in the district court's order, we affirm on the reasoning of the district court.

I.

Young initiated its breach of contract and bad faith failure to defend and pay benefits claims against Royal in the Court of Common Pleas for Florence County, South Carolina. Citing diversity of citizenship pursuant to 28 U.S.C. § 1332, Royal removed the controversy to the United States District Court for the District of South Carolina. 28 U.S.C. § 1441. This case, however, arose from an antecedent state court negligence action, the facts of which bear on the case at hand.

On March 19, 1990, George Roche ("Roche") sustained injuries when he slipped and fell on motel property owned by Young. Although Roche's injuries required medical attention and Young

2

knew about the accident the day it happened, Young failed to immediately notify its commercial general liability insurer--Royal--as required by the terms of the contract. Instead, Young notified Royal of the accident three months later in June, after Roche had obtained an attorney and sent a letter to Young stating his potential claim against Young.

On August 31, 1990, Roche filed an action against Young in the Court of Common Pleas for Florence County, South Carolina. On September 4, 1990, Roche served process on Young by restricted registered mail addressed to Ed L. Young (the registered agent for service of process). Instead of Ed L. Young receiving the process, James Neil Young, a vice-president of the corporation, signed for and subsequently misplaced the letter of service. Consequently, Young remained unaware of the lawsuit against it until February 12, 1992, when it received notification that a default judgment had been entered against it in the amount of $ 45,000. Upon learning of the judgment, Young immediately notified Royal. Said notification, therefore, was the first time Royal learned that a suit had been brought against Young.

Royal refused to tender a defense and/or provide coverage for Young, on the grounds that Young failed to comply with the condition precedent outlined in its insurance contract that specifically required Young to timely notify Royal whenever it sought coverage. Eventually Young and Royal signed a non-waiver agreement, which stipulated that Royal would retain counsel to assist Young's counsel in its appeal from the default judgment.

On appeal, the South Carolina Court of Appeals reversed and vacated the judgment against Young for improper service of process and deficient notice. When Roche appealed to the Supreme Court of South Carolina, however, the Court reinstated the default judgment against Young, finding that Roche had shown compliance with the service of process provisions stated in Rule 4(d)(8), SCRCP, and that Young had failed to show that James Neil Young was unauthorized to accept service on behalf of the corporation. The Supreme Court did however remand the matter for a hearing on damages.

3

II.

In district court, Young sought actual and punitive damages for breach of contract and bad faith refusal to defend and indemnify. Young argued it did not receive notice of the suit until the day the default judgement was entered against it because the summons had been erroneously delivered to James N. Young, an officer of the corporation who lacked the authority to accept service of process. Royal countered that because Young lost the summons and complaint and consequently failed to send proper notification to Royal as required under its policy, Royal was not obligated to provide a defense.

Upon Royal's motion for summary judgment, the district court found that Royal did not breach the contract by not defending Young in Roche's state court action against Young. And it further found that Young was precluded from pursuing its bad faith refusal claim.

With respect to the breach of contract action, the district court found that no material issue of fact existed as to Young's failure to fulfill the condition precedent of timely notice to Royal. Young received proper service pursuant to Rule 4(d)(8), SCRCP, but failed to immediately notify Royal. The district court also found as a matter of law that notice of suit given to an insurer approximately one and a half years after actual receipt of the papers, and after the suit had been reduced to a default judgment, failed to constitute timely notice within the policy terms.

With respect to the bad faith refusal to defend and indemnify, the district court, citing Walters v. Canal Ins. Co. , 363 S.E.2d 120 (S.C. App. 1987), found that under South Carolina law a bad faith suit will not lie against an insurer unless the insured has met all conditions precedent under the policy.

Young appeals the district court's order of summary judgment. It asserts the district court misconstrued the facts in favor of Royal, and disregarded existing questions of material fact concerning its receipt of process in the state court action and its notification of the state suit to Royal.

4

After carefully reviewing the record, reading the briefs, hearing oral argument, and giving full consideration to the parties' contentions, we affirm the judgment below of the district court.

AFFIRMED

5