THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Christian E. Maurer,       
Appellant,
 
 
 

v.

 
 
 
Carol Hilliard, Sheila Maurer, James Kahn and Vincent Stafford,       
Defendants,
of whom Carol Hilliard is       
Respondent.
 
 
 

Appeal From Berkeley County
Clifton Newman, Circuit Court Judge

Opinion No.  2003-UP- 136
Submitted January 10, 2003- Filed February 
 19, 2003 

AFFIRMED

 
 
 
Mr. Christian E. Maurer; for Appellant.
William C. Helms, III, Esq.; Phillip S. Ferderigos; for Respondent.
 
 
 

PER CURIAM:  Christian E. Maurer 
 appeals from an order dismissing his complaint against the respondent Carol 
 Hilliard on the ground the trial court lacked personal jurisdiction over her.  
 We affirm. [1] 
Maurer, a South Carolina resident, brought 
 this action in Berkeley County against his former wife Sheila Maurer; his wifes 
 attorney in their divorce action, James Kahn; his own attorney in their divorce 
 action, Vincent Stafford; and Hilliard, an attorney and the court-appointed 
 guardian ad litem for the Maurer children.  All defendants reside in Cleveland, 
 Ohio.  Maurers complaint alleges four causes of action against Hilliard: conspiracy, 
 breach of contract accompanied by a fraudulent act, breach of covenant of good 
 faith and fair dealing, and breach of fiduciary relationship.  
Maurers complaint alleges, among other 
 things: he and the defendants entered into a contract for the exercise by Maurer 
 of his visitation rights with his children in exchange for Hilliard receiving 
 $1,600; the parties wrote the contract in order to grant enforcement in South 
 Carolina of such agreement; and the defendants breached the agreement by denying 
 him visitation with his daughter.  
Maurer contends jurisdiction exists 
 under the South Carolina Long Arm Statute. 
 [2]   He argues it is enough to satisfy the requirements of that statute 
 that the visitation agreement was to be partly performed in South Carolina.
For a court to exercise personal jurisdiction 
 over a non-resident, due process requires the existence of minimum contacts 
 between the defendant and the forum state. 
 [3]   These contacts must be such that the maintenance of the suit does 
 not offend traditional notions of fair play and substantial justice. [4]   The party seeking to invoke personal jurisdiction 
 against a nonresident by utilization of this states long-arm statute carries 
 the burden of establishing jurisdiction. 
 [5] 
We agree with the trial court.  Sufficient 
 minimum contacts between Hilliard and South Carolina do not exist.  For South 
 Carolina to exercise personal jurisdiction over her would, in our minds, offend 
 traditional notions of fair play and substantial justice. [6]   
To begin with, nothing in the complaint suggests 
 that any act or omission committed by Hilliard (or by the other parties, for 
 that matter) occurred in South Carolina.  Hilliard, as the trial court noted, 
 is a court-appointed guardian ad litem in a divorce proceedings conducted in 
 Ohio.  She is a resident of that state and has had no contacts at all with the 
 State of South Carolina.  Whatever her duties are as a court-appointed guardian 
 ad litem and agent of the court, [7] they can only be exercised in 
 the State of Ohio in the particular action in which she was appointed [8] and only during pendency of that action. [9]   Moreover, to require her to 
 travel to South Carolina to defend a suit would pose a substantial inconvenience 
 for her.  Finally, South Carolina has no interest in exercising jurisdiction, 
 especially since the only link between Maurer and the subject matter of the 
 action is that Maurer resides here and since the contract allegedly at issue 
 between Maurer and Hilliard grew out of proceedings in the Ohio state court 
 and forms part of an Ohio judgment that establishes custody and visitation rights, 
 rights which Maurer can enforce there. 
 [10] 
AFFIRMED.
HEARN, C.J., and GOOLSBY and SHULER, JJ. concur.

 
 [1]   We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 [2]   South Carolina Code of Laws Ann. § 36-2-803 (1977).

 
 [3]   Southern Plastics Co. v. Southern Commerce 
 Bank, 310 S.C. 256, 260, 423 S.E.2d 128, 130-31 (1992).

 
 [4]   Id.

 
 [5]   White v. Stephens, 300 S.C. 241, 244, 
 247, 387 S.E.2d 260, 262 (1990).

 
 [6]   The supreme court in White v. Stephens, 
 300 S.C. at 247, 387 S.E.2d at 263, mentioned four factors a court may consider 
 when determining whether minimal contacts with the forum state exists.  They 
 are: (1) the duration of the activity of the nonresident in this state; (2) 
 the character and circumstances of the commission of the nonresidents acts; 
 (3) the inconvenience resulting to the parties by conferring or refusing to 
 confer jurisdiction over the nonresident; and (4) South Carolinas interest 
 in exercising jurisdiction.  

 
 [7]   See 42 Am. Jur. 2d Infants § 183, 
 at 143 (2000) (A guardian ad litem appointed to represent an infant defendant 
 is regarded as an officer or agent of the court, or as a fiduciary.).

 
 [8]   Id. § 185, at 145 (The power of a guardian 
 ad litem is . . . ordinarily limited to matters related to the particular 
 action in which he is appointed.).

 
 [9]   Wilson v. Ball, 337 S.C. 493, 497 n. 8, 
 523 S.E.2d 804, 806 n. 8 (Ct. App. 1999).

 
 [10]   In its order, the trial court states Maurer 
 also has an action for defamation presently pending against Hilliard in Ohio.  
 He fails to contest this finding in his brief.