22411

ATLANTIC SOFT DRINK COMPANY OF COLUMBIA, INC., Respondent,
v. SOUTH CAROLINA NATIONAL BANK and National Bank of North
America, Defendants, of which National Bank of North America is
Appellant. Appeal of NATIONAL BANK OF NORTH AMERICA.

(336 S. E. (2d) 876)

Supreme Court

*Manton M. Grier, Clarke W. DuBose* and *Walter W. Theus, Jr., Boyd, Knowlton, Tate & Finlay,* Columbia, *for appellant.*

*Elaine H. Fowler* and *S. Keith Hutto, Turner, Padget, Graham & Laney,* Columbia, *for respondent.*

Nov. 22, 1985.

HARWELL, Justice:

The trial court held that National Bank of North America (NBNA) was subject to the personal jurisdiction of the courts of this state. NBNA appeals. We affirm.

On February 20, 1980, NBNA issued a letter of credit to Atlantic Soft Drink Company (Atlantic), a South Carolina Corporation. The letter was issued by NBNA in connection with an export transaction between Atlantic, as seller of Pepsi-Cola products, and one of NBNA's customers, Twentieth Century Distributors, Ltd., as principal for the letter of credit between NBNA and Atlantic.

Atlantic made three separate shipments of Pepsi-Cola and submitted three distinct drafts on the letter of credit to NBNA through South Carolina National Bank (SCN). Appellant NBNA paid the first draft but dishonored the second and third drafts. As a result, this suit was filed on August 17, 1982.

The appellant contends that the lower court erred by (1) finding that venue was proper by retroactively applying the amended version of 12 U.S.C. § 94; (2) finding that venue was proper by determining that NBNA operated a "branch bank" in South Carolina; and (3) finding that the minimum contacts and fairness requirements of the Due Process Clause had been satisfied.

Appellant NBNA is a national banking association organized under the provisions of Title 12 of the United States Code. Its principal place of business is located in New York. In actions against national banks, venue is governed by 12 U.S.C. § 94 (1980). After this suit was filed but before the motion to dismiss was heard, this section was amended pursuant to Public Law 97-320 with an effective date of October 15, 1982. Garn-St. Germain Depository Institutions Act of 1982, Pub. L. No. 97-320, § 406, 96 Stat. 1512 (1983). The preamendment version of 12 U.S.C. § 94 provided:

> Actions and proceedings against any association under this chapter may be had in any district or territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.

The amended section reads:

> Any action or proceeding against a national banking association for which the Federal Deposit Insurance Corporation had been appointed receiver, or against the Federal Deposit Insurance Corporation as receiver of such association, shall be brought in the district or territorial court of the United States held within the district in which that association's principal place of business is located, or, in the event any state, county, or municipal court has jurisdiction over such an action or proceeding, in such court in the county or city in which that association's principal place of business is located.

It is evident from the legislative history that amended Section 94 is intended as a substitute for the language previously contained in the section. "The bill repeals the

existing special venue provision for national banks except in cases involving a closed bank or a FDIC receivership. In other cases, judicial venue will lie in the appropriate federal, state or local court, as determined by other general venue statutes." S. Rep. No. 536, 97th Cong. (2d) Sess. 28, *reprinted in* 1982 U. S. Code Cong. & Ad. News 3054, 3082.

The lower court was correct in applying the amended version of Section 94. This statute, in its original and amended form, relates only to remedies and modes of procedure and does not affect the substantive rights of NBNA. The amended legislation does not create new rights or take away vested rights, but rather it only designates where the particular rights can be exercised. Since the amendment is merely remedial, it should be given retroactive effect. *Howard v. Allen,* 368 F. Supp. 310 (D.S.C. 1973); *Smith v. Eagle Construction Co.,* 282 S. C. 140, 318 S. E. (2d) 8 (1984); *Hercules Inc. v. South Carolina Tax Comm'n,* 274 S. C. 137, 262 S. E. (2d) 45 (1980).

Having decided that venue was controlled by the amended version of Section 94, it is not necessary for us to determine whether or not NBNA operated a "branch bank" in South Carolina.

While it is clearly the law in South Carolina that the long arm statute, S. C. Code Ann. § 36-2-803 (1976), must be viewed as extending long arm jurisdiction to the limits imposed by the due process clause, *Triplett v. R. M. Wade & Co.,* 261 S. C. 419, 200 S. E. (2d) 375 (1973), the statute is subject to the bounds of constitutional due process. NBNA must have had such minimum contacts with South Carolina that maintenance of the action "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U. S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945).

Factors that South Carolina courts will look to in determining whether due process is being complied with include: (1) the duration of the activity of the nonresident in this state; (2) the character and circumstances of the commission of the nonresident's acts; and (3) the inconvenience resulting to the parties by conferring or refusing to confer jurisdiction over the nonresident. *Boney v. Trans-State Dredging Co.,* 237 S. C. 54, 62, 115 S. E. (2d)

508, 512 (1960). Also, courts often look to the interest of the state in exercising its jurisdiction over nonresidents. *Parker v. Williams & Madjanik, Inc.*, 270 S. C. 570, 243 S. E. (2d) 451 (1978); *Askins v. Firedoor Corp. of Florida*, 281 S. C. 611, 316 S. E. (2d) 713 (S. C. App. 1984).

The issuance of the letter of credit by NBNA produced significant consequences in South Carolina. Atlantic relied on the letter in its transaction with NBNA's customer, Twentieth Century Distributors, Ltd. The letter of credit was valid for approximately six weeks. NBNA retained a continuing course of contact with SCN throughout the entire period that the letter of credit was in effect. NBNA issued explicit instructions regarding the letter of credit, was responsible for the ultimate acceptance or rejection of the respondent's drafts on the letter of credit, and ultimately paid the first draft on the letter of credit to the respondent. Atlantic received payment on the first draft in Richland County, South Carolina by way of a cashier's check issued by SCN at NBNA's instruction.

Atlantic is a resident South Carolina corporation and the cause of action arose when NBNA refused to pay the second and third drafts submitted on the credit. It was the very issuance of the letter of credit and the subsequent dishonor that led to Atlantic's cause of action. The length and duration of the nonresident's activity need only be minimal when the plaintiff lives in the forum state and the cause of action arises from the defendant's activities in this state. *Hardy v. Pioneer Parachute Co.*, 531 F. (2d) 193 (4th Cir. 1976); *Lee v. Walworth Valve Co.*, 482 F. (2d) 297 (4th Cir. 1973); *Askins, supra*. Additionally, there is no showing that it would be an undue hardship on NBNA to defend the suit in South Carolina.

NBNA's contacts with South Carolina were sufficient for NBNA to reasonably anticipate being haled into court there. *See World-Wide Volkswagen Corporation v. Woodson*, 444 U. S. 286, 100 S. Ct. 580, 62 L. Ed. (2d) 490 (1980). Furthermore, since all of Atlantic's negotiations occurred in South Carolina with SCN, Atlantic had a right to expect the resolution of any disputes to occur in a South Carolina court. Therefore, the South Carolina court clearly had sufficient minimum contacts to satisfy the due process clause and allow personal jurisdiction to be exercised.

When a circuit court finds a nonresident corporate defendant to be personally subject to its jurisdiction, this finding is binding on this Court unless found to be influenced by an error of law or unsupported by the evidence. *Engineered Products v. Cleveland Crane and Engineering*, 262 S. C. 1, 201 S. E. (2d) 921 (1974); *Askins, supra.* In the present case, the circuit court's finding of jurisdiction was supported by the evidence and was not influenced by an error of law. It is accordingly affirmed.

Affirmed.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.