0879

BERKELEY PG CORP., Respondent v. SOUTHBANK INVESTMENT GROUP, INC., James Wilson, Leid Vast I.B.V., John S. Candler, Jr., and John W. Lundeen, III, Defendants, of whom John S. Candler, Jr., and John W. Lundeen, III, are Appellants.

(353 S. E. (2d) 305)

Court of Appeals

*Harold A. Boney,* of *Howell, Gibson & Boney, P.A.,* Beaufort, *for appellants.*

*Edward E. Bullard,* Hilton Head Island, *for defendants.*

*Terry A. Finger* and *Mark H. Lund, III,* of *Novit & Scarminach, P.A.,* Hilton Head Island, *for respondent.*

Heard Dec. 8, 1986.

Decided Feb. 9, 1987.

CURETON, Judge:

Berkeley PG Corporation commenced this action for damages for fraud, for return of a $25,000.00 check given to exercise a real estate option, and for possession of a check returned for insufficient funds. The suit was commenced against Southbank Investment. Group, James Wilson, Leid Vast I.B.V., John S. Candler, Jr., and John W. Lundeen, III. Candler and Lundeen, residents of Georgia, entered special appearances to contest personal jurisdiction over them. Following a hearing, the trial judge dismissed the special appearances and found Candler and Lundeen subject to personal jurisdiction. Candler and Lundeen appeal from this ruling. We affirm.

Leid Vast I.B.V. (Leid Vast), a Netherlands corporation doing business in South Carolina, granted a real estate option to Southbank Investment Group, Inc. (Southbank) to purchase an office building on Hilton Head Island for a purchase price of $2,100,000.00. The option was for a term of thirty days and could be exercised at any time within that period by payment of $25,000.00 and giving notice. Under the terms of the option, the transaction was to close within forty-five days from the date the option was exercised. Southbank, a South Carolina corporation, assigned the option to Berkeley Square Realty Associates, Inc., also a South Carolina corporation. Berkeley Square assigned the option to its wholly owned subsidiary, Berkeley PG Corp. (Berkeley). Berkeley paid $25,000.00 to exercise the option, but the transaction did not close.

Candler and Lundeen, residents of Georgia, acted as real

estate agents for Leid Vast during these transactions. Candler was doing business as Colony Land Company. They dealt with Berkeley from Atlanta, Georgia through long distance telephone calls and correspondence. Berkeley's complaint states that Candler and Lundeen are real estate brokers or salesmen licensed in the State of Georgia. The complaint alleges that they entered into contracts in South Carolina concerning real property in Beaufort County, acting at times as agents for Leid Vast and at times for their individual benefit. Berkeley alleges Candler and Lundeen associated the Hilton Head Real Estate Brokerage Firm for the purposes of this transaction, since they were not licensed South Carolina real estate brokers. The defendant James Wilson was employed with the South Carolina realtor.

Berkeley alleged Southbank and Wilson misrepresented they had a signed option agreement with Leid Vast prior to January 20, 1984, the date Southbank assigned the option to Berkeley Square, and also indicated they were not participating in the sales commission, which was untrue. Berkeley also charged Candler and Lundeen knew Southbank and Wilson were attempting to act as principal and sales agent at the same time in this transaction and, under pertinent regulations of the South Carolina Real Estate Commission, they were required to disclose this fact to Berkeley. Berkeley pled a cause of action in fraud, praying for $35,000.00 actual damages and for $200,000.00 punitive damages.

For a second cause of action, Berkeley claimed that upon learning that Southbank and Wilson were to participate in the sales commission, it demanded a return of the $25,000.00 paid to Candler as agnet for Leid Vast, that Candler assured Berkeley the money would remain in escrow pending resolution of the dispute, yet Candler, Lundeen and Leid Vast transferred the money to Leid Vast with no advance notice. Berkeley prayed for the return of this option payment.

Finally, Berkeley requested possession of a $25,000.00 check given to Candler and Lundeen as agents of Leid Vast by Southbank and/or Wilson in order to extend the option agreement once it appeared that Berkeley would not close the transaction. This check was returned for insufficient funds. Berkeley claims Candler, individually and as agent for Leid Vast, agreed to assign the check to Berkeley without

recourse. Berkeley claims Candler, Lundeen and Leid Vast now refuse to make such an assignment.

Counsel for Berkeley served Candler and Lundeen by mailing copies of the summons and complaint to their Georgia addresses. The letters stated they were served in compliance with Section 36-2-806, Code of Laws of South Carolina, 1976, and other applicable statutory law.

Candler and Lundeen timely served notices of special appearances under Section 15-13-380, Code of Laws of South Carolina, 1976, to contest personal jurisdiction, motions to quash service, and motions to dismiss. Their objections to jurisdiction were based on the facts that: 1) service was attempted by mail under Section 36-2-806; 2) they had no "enduring relationship" with South Carolina within the meaning of Section 36-2-802; and 3) jurisdiction over their persons could not be based upon any class of conduct or transaction described in Section 36-2-803. By stipulation, objection to jurisdiction was reserved and discovery began.

The jurisdictional objections were heard in April 1985. Candler and Lundeen submitted portions of a deposition of Lanny Horowitz, Berkeley's principal officer and owner, which included testimony of his transactions with them. The judge, in an order signed July 20, 1985, found that Candler and Lundeen "have maintained sufficient contacts with the State of South Carolina, said contacts being directly related to the Causes of Action asserted by the Plaintiff." The judge then dismissed the special appearances and ordered Candler and Lundeen to answer.

Candler and Lundeen argue on appeal the narrow question is whether they were persons transacting business in this state in accordance with Section 36-2-803, Code of Laws of South Carolina, 1976, so as to allow the court to exercise personal jurisdiction over them individually, claiming they acted only as agents. They argue the equitable "fiduciary shield" doctrine prohibits the exercise of in personam jurisdiction in this case since they were merely acting as agents of another entity, not for their own benefit.

It is well settled that a finding of the lower court that a defendant was transacting business in South Carolina to the extent necessary to subject him to the jurisdiction of the courts of this state is binding unless it is without support in

the evidence, or manifestly influenced or controlled by an error of law. *Triplett v. R. M. Wade and Co.*, 261 S. C. 419, 200 S. E. (2d) 375 (1973). It is also true that, as a general rule, appellate courts will be bound by factual findings of a lower court made in response to motions preliminary to trial where there is conflicting evidence. *City of Chester v. Addison*, 277 S. C. 179, 284 S. E. (2d) 579 (1981), *appeal dismissed*, 456 U. S. 967, 102 S. Ct. 2227, 72 L. Ed. (2d) 840 (1982). We must, therefore, determine merely whether there is any evidence in the record to support the trial court's finding of personal jurisdiction.

Berkeley argues jurisdiction over Candler and Lundeen is appropriate under Section 36-2-803, Code of Laws of South Carolina, 1976, which provides in part:

> (1) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's (a) transacting any business in this state; ... or (g) entry into a contract to be performed in whole or in part by either party in this state.

Berkeley alleges in its petition that, since Candler and Lundeen are not licensed real estate brokers in the State of South Carolina, they associated a local broker, the Hilton Head Real Estate Brokerage Firm, to complete the transaction. This allegation is supported by the record. The option agreement between Leid Vast and Southbank Investment Group contains a provision that Candler may be involved in a co-broker situation to comply with South Carolina Real Estate Regulations. Candler's and Lundeen's attorney, in questioning Horowitz in the deposition, noted that it was "spelled out" that the commission was going to be split between a South Carolina real estate brokerage firm and Colony Management in Atlanta.

To find personal jurisdiction based on Section 36-2-803(1)(g) it is not necessary to demonstrate a binding contract existed between the parties; rather, Berkeley need only make a prima facie showing that the trial court should exercise personal jurisdiction. *Askins v. Firedoor Corp. of Florida*, 281 S. C. 611, 316 S. E. (2d) 713 (Ct. App. 1984). It appears to this Court that Berkeley has

made a prima facie showing that Candler and Lundeen, by associating a South Carolina real estate broker in order to complete a real estate transaction in this State and also entered into a contract to be performed in whole or in part by either party in this state, such act being sufficient to bring them within Section 36-2-803(1)(a) and (g), Code of Laws of South Carolina, 1976.

The cases are legion that a single contact with the forum state is sufficient transacting of business to give its courts personal jurisdiction over a nonresident of the contact gives rise to, or figures prominently in, the cause of action under consideration. *Askins v. Firedoor Corp. of Florida, supra, Ross v. American Income Life Insurance Co.*, 232 S. C. 433, 102 S. E. (2d) 743 (1958). We find Candler and Lundeen's association of a local realtor and actions on their own behalf to complete this transaction and earn their real estate commission support the trial court's finding that they "maintained sufficient contacts" in South Carolina directly related to the causes of action to confer personal jurisdiction over them.

It is also necessary to determine whether the exercise of personal jurisdiction over Candler and Lundeen is consonant with the requirements of due process. This test requires a finding that Candler and Lundeen have "minimum contacts" within this state so that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U. S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945). Considerations relevant to this inquiry include the duration of the nonresident's activity in this state, the character of the acts giving rise to the suit and the circumstances of their commission, and the balancing of the inconvenience to the parties of a trial in this state or the nonresident's state. *Boney v. Trans-State Dredging Co.*, 237 S. C. 54, 115 S. E. (2d) 508 (1960); *Askins v. Firedoor Corp. of Florida, supra.*

We have previously found Candler and Lundeen transacted business and entered into a contract to be performed in this state, and that these acts brought them within Section 36-2-803(1)(a) and (g) of our long-arm statute. The length and duration of the nonresident's activity in this state need only be minimal when the plaintiff

lives in the forum state and the cause of action arose out of the defendant's activities in this state. *Askins v. Firedoor Corp. of Florida, supra.* In our opinion, the quality and nature of Candler's and Lundeen's activities in this state are sufficient to satisfy due process in exercising jurisdiction over them in this case. They purposely entered into a brokerage contract to be performed within this state which would inure to their personal benefit. There are also no circumstances demonstrated which would impose an undue hardship by forcing them to defend this suit in South Carolina.

We hold, therefore, that the trial judge was correct in finding Candler and Lundeen subject to the personal jurisdiction of the South Carolina court.

Affirmed.

BELL and GOOLSBY, JJ., concur.