1097

POLICY MANAGEMENT SYSTEMS CORPORATION, Respondent v.
CONSUMERS INSURANCE COMPANY, Appellant.

(366 S. E. (2d) 33)

Court of Appeals

*Richard M. Kennedy, III,* and *William E. Bird,* both of
*Kennedy, Price & Dial,* Columbia, *for appellant.*

*Stephen G. Morrison* and *James C. Gray, Jr.,* both of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for respondent.*

Submitted Jan. 27, 1988.

Decided Feb. 22, 1988.

SHAW, Judge:

This action was commenced by respondent, Policy Management Systems Corporation (hereinafter PMSC), against appellant, Consumers Insurance Company (hereinafter CIC), to recover money due under a license agreement. CIC, a Washington corporation, moved to dismiss for lack of personal jurisdiction. From an order denying the motion to dismiss, CIC appeals. We affirm.

In 1981, CIC became aware of a software system for insurance companies offered by PMSC. Thereafter CIC and PMSC entered into negotiations for lease of a software system and signed a license agreement effective September 30, 1981. The license agreement provides for professional services and classroom instruction either at PMSC's Columbia, South Carolina address or other locations selected by PMSC. The agreement also provides for "enhancements" to the system defined as additions, changes and/or modifications to the system provided by PMSC to CIC from time to time at no additional charge. Finally the agreement provides it "shall be deemed to have been entered into and executed in the state of South Carolina and shall be construed performed and enforced in all respects in accordance with the laws of that state including applicable provisions of the Uniform Commercial Code as adopted by that state (Title 36 of the Code of Laws of South Carolina 1976)."

On January 29, 1986, PMSC commenced this action alleging it provided a software system to CIC pursuant to the agreement and otherwise complied with the agreement's terms, but CIC refused to make payments or return the system. CIC requested an extension of time to answer and later moved to dismiss the complaint for lack of personal jurisdiction.

The trial judge held CIC waived its objection to personal jurisidiction by requesting an extension of time to answer.

He further held, regardless of the question of waiver, personal jurisdiction was appropriate under the South Carolina Long Arm Statute, S. C. Code Ann. Section 36-2-803 (1976). Because we find jurisdiction appropriate under the Long Arm Statute, we decline to address whether personal jurisdiction may be waived by a request for an extension of time to answer under the new South Carolina Rules of Civil Procedure.

S. C. Code Ann. Section 36-2-803(1)(1976) provides in part:

(1) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's

\* \* \* \*

(g) entry into a contract to be performed in whole or in part by either party in this State. . . .

CIC contends the alleged performance in South Carolina cannot be based on the agreement to make modifications or provide educational services because the alleged cause of action does not arise from these aspects of the licensing agreement. However, the statute is not limited to such situations. It refers to a cause of action arising from entry into a contract. The alleged cause of action, failure to make payments or return the system, arises from CIC's entry into the licensing agreement.

CIC further contends the exercise of jurisdiction by the South Carolina courts is not constitutionally permissible. The South Carolina Long Arm Statute must be viewed as extending long arm jurisdiction to the limits imposed by the due process clause, however, the statute is subject to the bounds of constitutional due process. *Atlantic Soft Drink Co. v. South Carolina National Bank,* 287 S. C. 228, 336 S. E. (2d) 876 (1985). The due process clause requires that a foreign corporation have such minimum contacts with the forum state that maintenance of the action does not offend traditional notions of fair play and substantial justice. *Id.* 336 S. E. (2d) at 878. The question of in personam jurisdiction over a foreign corporation is one which must be resolved upon the facts of each particular case. *Engineered Products v. Cleveland Crane and Engineering,* 262 S. C. 1, 201 S. E.

(2d) 921 (1974). When a circuit court determines a non-resident corporate defendant to be personally subject to its jurisdiction, the finding is binding on this court unless found to be influenced by an error of law or unsupported by the evidence. *Atlantic Soft Drink Company*, supra.

The record reflects the following performances springing from the agreement:

PMSC's employees worked on an implementation study for CIC, much of this work being done in PMSC's South Carolina office. PMSC continually developed enhancements to the software system at its South Carolina offices which were provided to CIC pursuant to the licensing agreement. Technical information bulletins developed in South Carolina were shipped from PMSC's South Carolina office to CIC. Educational classes were conducted both at PMSC's South Carolina offices and at CIC's offices, the preparation and planning of which were performed in South Carolina.

While these unilateral activities alone may not suffice to establish the requisite minimum contacts, there is evidence of performance under the agreement by CIC in South Carolina. The affidavits reveal that on several occasions between November of 1981 and January of 1983, CIC sent over a dozen employees to PMSC's South Carolina office for software training pursuant to the agreement.

In *Askins v. Firedoor Corp. of Florida*, 281 S. C. 611, 316 S. E. (2d) 713 (Ct. App. 1984), this court addressed the "minimum contacts" issue in an action for breach of contract. The court stated:

> South Carolina has a legitimate interest in providing the means for its citizens to seek redress against foreign corporations which allegedly breach contracts with its citizens when it was contemplated that such contracts would be performed in whole or in part in this State.

*Id.* 316 S. E. (2d) at 717.

As in *Askins*, the parties intended that some portions of the agreement would be performed in South Carolina.

Further, the agreement provided that it shall be deemed entered into and executed in South Carolina and construed to be performed and enforced in accordance with South Carolina law. This choice of law provision indicates CIC's

intention to avail itself of the benefits and protections of the laws of this state. This combined with the other factors establish the minimum contacts necessary to satisfy due process.

For the foregoing reasons, the order below is affirmed.

Affirmed.

CURETON and GOOLSBY, JJ., concur.