22975

COLITE INDUSTRIES, INC., Appellant v. G. W. MURPHY
CONSTRUCTION COMPANY, INC., Respondent.

(377 S. E. (2d) 321)

Supreme Court

*Robert T. Strickland* and *R. Lewis Johnson, Barnes, Alford, Stork & Johnson,* Columbia, *for appellant.*

*Robert H. Hood* and *Carl E. Pierce, II, Robert H. Hood & Associates,* Charleston, *for respondent.*

Heard Jan. 9, 1989.

Decided Feb. 21, 1989.

GREGORY, Chief Judge:

This appeal is from an order dismissing this action for lack of personal jurisdiction. We reverse.

This is an action for breach of contract. Respondent is a Hawaii corporation. Appellant, a South Carolina corporation, answered respondent's invitation to bid advertised in a Honolulu newspaper. The parties entered into an agreement that appellant would supply respondent with signs, graphics, and structural supports for construction work at the Honolulu Airport. The contract provides that questions re-

garding the contract will be decided according to the laws of Hawaii; it also specifically incorporates by reference the applicable laws of *any* state.

All of the goods provided by appellant under the contract were manufactured at its plant in Lexington County, South Carolina. Appellant's performance took at least ten months during which time respondent sent representatives to South Carolina on two occasions to review the work in progress.

After completion of its performance under the contract, appellant commenced this action alleging respondent had failed to make payment as agreed. Respondent moved to dismiss the action for lack of personal jurisdiction. The trial judge granted the motion.

To exercise personal jurisdiction over a foreign corporation, the trial judge must determine: (1) that the South Carolina long arm statute applies; and (2) that the corporation's contacts in South Carolina are sufficient to satisfy due process requirements. *Atlantic Soft Drink Co. v. South Carolina National Bank*, 287 S. C. 228, 336 S. E. (2d) 876 (1985); *Policy Management Systems v. Consumers Insurance Co.*, 294 S. C. 506, 366 S. E. (2d) 33 (Ct. App. 1988); *Askins v. Firedoor Corp.*, 281 S. C. 611, 316 S. E. (2d) 713 (Ct. App. 1984).

The applicable long-arm statute is S. C. Code Ann. § 36-2-803(1)(g) (1976). It authorizes the exercise of personal jurisdiction if the cause of action arose from the defendant's "entry into a contract to be performed in whole or in part in this State." A resident plaintiff's performance of the contract in South Carolina constitutes part performance sufficient to satisfy § 36-2-803(1)(g) if all parties knew the performance was to take place in South Carolina. *Nucor Corp. v. Fanevil Constr., Inc.*, 264 S. C. 458, 215 S. E. (2d) 634 (1975); *Engineered Products v. Cleveland Crane & Engineering*, 262 S. C. 1, 201 S. E. (2d) 921 (1974); *see also Policy Management Systems, supra.* It is undisputed that respondent knew appellant's performance would take place in South Carolina. We hold the trial judge erred in failing to apply § 36-2-803(1)(g).

Application of the long-arm statute is subject to the bounds of due process. *Atlantic Soft Drink Co., supra.* Due process requires there exist minimum contacts

between the defendant and the forum state such that the maintenance of the suit does not offend traditional notions of fair play and justice. Due process is satisfied only if a defendant could reasonably anticipate being haled into court in this State. *Id.; World-Wide Volkswagen Corp. v. Woodson,* 444 U. S. 286, 100 S. Ct. 559, 62 L. Ed. (2d) 490 (1980); *Internat'l Shoe Co. v. Washington,* 326 U. S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945).

This Court has applied four factors in determining whether due process requirements are satisfied: 1) duration of the defendant's activity in this State; 2) the character and circumstances of its acts; 3) inconvenience to the parties; and 4) the State's interest in exercising jurisdiction. *Atlantic Soft Drink Co., supra.* A single transaction is sufficient to confer jurisdiction if these factors are met. *Hammond v. Cummins Engine Co.,* 287 S. C. 200, 336 S. E. (2d) 867 (1985).

Respondent's contact with appellant was deliberate and extended over at least a ten-month period. Respondent conducted two inspections of the goods here in South Carolina. Moreover, the contract between the parties incorporates the applicable laws of any state. Respondent could reasonably have anticipated being haled into court in South Carolina.

Further, the record indicates no greater inconvenience would result if the case were tried in South Carolina rather than Hawaii. South Carolina has an interest in providing redress for its citizens when the parties contemplated the contract would be performed in whole or in part in this State. *Askins v. Firedoor Corp., supra.* Under these facts, we hold due process requirements were met.

Because the trial judge's ruling was based on an error of law and was unsupported by the evidence, we reverse. *See Atlantic Soft Drink Co., supra* (standard of review on appeal).

Reversed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.