## 1610

SPRINGMASTERS, INC., Respondent v.
D&M MANUFACTURING, Appellant.

(402 S.E. (2d) 192)

Court of Appeals

*David D. Armstrong,* of *Armstrong & Chamberlain,* Greenville, *for appellant.*

*J. William Ray,* Greenville, *for respondent.*

Submitted Jan. 3, 1991.

Decided Feb. 11, 1991.

*Per Curiam:*

Respondent Springmasters sued appellant D&M Manufacturing for breach of contract. D&M moved to dismiss the action under Rule 12(b)(2), SCRCP, for lack of personal jurisdiction. The trial judge denied the motion, finding that personal jurisdiction existed under South Carolina's Long Arm Statute and the constitutional requirement of minimum contacts. We affirm.

Springmasters is a South Carolina corporation engaged in the manufacturing business. D&M is a Texas partnership.

Springmasters' complaint alleged the parties entered into a contract to be performed in South Carolina. Springmasters manufactured goods to D&M's specifications and shipped them to D&M in Texas. At the motion hearing, Springmasters introduced numerous invoices to show three shipments to Texas over the course of several months. These invoices provided that South Carolina law governed the contract between the parties. D&M paid for some of the shipments but not others, and Springmasters commenced this action to collect the unpaid sums.

D&M filed an affidavit in support of its motion to dismiss for lack of personal jurisdiction. The affidavit stated that a Florida-based salesman for Springmasters contacted D&M, resulting in an order by D&M. Thereafter, D&M could not contact the Florida salesman so it called a South Carolina representative and confirmed the order. The affidavit asserts all dealings between the parties were by telephone and the goods received were unsatisfactory. The affidavit also asserts that D&M maintains no office, telephone, or agents in South Carolina.

To exercise personal jurisdiction over a non-resident, South Carolina courts must undertake a two-part analysis. First, the court must apply South Carolina's Long Arm Statute. If the statute is satisfied, then the court must consider the "minimum contacts" requirement of due process. *Hammond v. Butler, Means, Evins & Brown,* 300 S.C. 458, 388 S.E. (2d) 796 (1990). *cert. denied,* — U.S. —, 111 S. Ct. 373, 112 L. Ed. (2d) 335 (1990).

South Carolina's Long Arm Statute provides that state courts have personal jurisdiction over a "person" who transacts any business in South Carolina or who enters into a contract to be performed in whole or in part in South Carolina. S.C. Code Ann. § 36-2-803(1)(a), (g) (1976). "Person" includes partnerships. S.C. Code Ann. § 36-1-201(28), (30) (1976).

Under the requirements of due process, the exercise of personal jurisdiction over a non-resident must comport with traditional notions of fair play and substantial justice. *Hammond,* 300 S.C. 458, 388 S.E. (2d) 796. Four considerations apply: (1) the duration of the non-resident's activity in the state; (2) the character and circumstances of the non-resident's act; (3) the inconvenience resulting to the parties in ex-

ercising or not exercising jurisdiction over the non-resident; and (4) the state's interest in exercising jurisdiction. *Id.*

The trial judge concluded the exercise of personal jurisdiction was proper under the Long Arm Statute and due process. On appeal, D&M's primary argument is that Springmasters did not produce evidence by verified complaint, affidavit, or sworn testimony to support the trial judge's findings. Nowhere does D&M deny the primary allegations of Springmasters' complaint, except to claim the goods were unsatisfactory. Nowhere does D&M specifically deny the due process findings, except to claim the trial judge made no finding on inconvenience. The trial judge clearly made a finding on inconvenience. Thus, D&M's appeal is based solely on its evidentiary claims.

D&M bases its evidentiary argument on the following phrase appearing in several South Carolina cases: "[A]t the pre-trial stage of the proceedings, the plaintiff need only make a prima facie showing by pleadings and affidavits." *Id.* at 462, 388 S.E. (2d) at 798; *accord Allen v. Columbia Fin. Management, LTD.*, 297 S.C. 481, 377 S.E. (2d) 352 (Ct. App. 1988); *Berkeley PG Corp. v. Southbank Inv. Group, Inc.*, 291 S.C. 315, 353 S.E. (2d) 305 (Ct. App. 1987); *C.B. Askins v. Firedoor Corp. of Fla.*, 281 S.C. 611, 316 S.E. (2d) 713 (Ct. App. 1984). This statement clearly authorizes the trial judge to consider the pleadings, and it does not require verification of the pleadings. D&M, however, argues that other evidence must support the trial judge's findings. We disagree for several reasons.

First, in response to preliminary motions, the allegations of the complaint are "normally sufficient to warrant the court's exercise of jurisdiction." *See Jenkinson v. Murrow Bros. Seed Co., Inc.*, 272 S.C. 148, 150, 249 S.E. (2d) 780, 781 (1978) (motion to dismiss for lack of personal jurisdiction denied in reliance on the complaint's allegations and its inferences). It is only when the complaint does not demonstrate jurisdiction that the plaintiff must supply other evidence of jurisdiction. *Cf. Hume v. Durwood Medical Clinic, Inc.*, 282 S.C. 236, 318 S.E. (2d) 119 (Ct. App. 1984) (explaining an Ohio case that declined jurisdiction because the complaint did not allege jurisdictional facts and the plaintiff merely rested on his complaint), *cert. denied*, 474 U.S. 848, 106 S. Ct.

141, 88 L. Ed. (2d) 117 (1985). A more recent statement by this Court is also relevant:

> A [preliminary] motion to dismiss for lack of jurisdiction may attack the allegations of the complaint on its face or may be made as a "speaking" motion attacking the existence of jurisdiction in fact. When the issue is the existence of jurisdiction in fact, the court is *not confined* to the allegations of the complaint, but *may resort* to affidavits or other evidence to determine its jurisdiction.

*Graham v. Lloyd's of London,* 296 S.C. 249, 251 n. 1, 371 S.E. (2d) 801, 802 n. 1 (Ct. App. 1988) (emphasis added). Thus, nothing requires the plaintiff to present evidence of jurisdiction if the complaint demonstrates jurisdiction. D&M misconstrues the "pleadings and affidavits" statement regarding a prima facie case. The statement allows, but does not require, the use of affidavits.

Nowhere does D&M argue that Springmasters' complaint does not allege sufficient facts to demonstrate jurisdiction. Indeed, it admits the complaint alleges the parties entered into a contract to be performed in South Carolina. It argues only that the complaint was unverified and Springmasters did not produce any other evidence of jurisdiction by affidavit or testimony.

Second, assuming D&M is correct, the record contains no argument to the trial judge that Springmasters must introduce evidence at a pre-trial hearing by affidavit or sworn testimony. It is axiomatic that our appellate courts will not reverse on issues not raised to the trial judge. *Hoffman v. Powell,* 298 S.C. 338, 380 S.E. (2d) 821 (1989).

Third, upon our consideration of the pleadings and evidence, including D&M's affidavit and the invoices introduced at the hearing, we conclude the trial judge ruled correctly.[1] Springmasters' complaint and D&M's affi-

---

[1] Our review of the trial judge's findings is limited to whether there is any evidence to support his findings. C.B. Askins v. Firedoor Corp. of Fla., 281 S.C. 611, 316 S.E. (2d) 713 (Ct. App. 1984). In considering a preliminary motion to dismiss for lack of personal jurisdiction, the allegations of the complaint are deemed true. Cf. Jenkinson v. Murrow Bros. Seed Co., Inc., 272 S.C. 148, 249 S.E. (2d) 780 (1978) (allegations of complaint and inferences normally sufficient); Hume v. Durwood Medical Clinic, Inc., 282 S.C. 236, 318 S.E. (2d) 119 (Ct. App. 1984) (allegations of complaint sufficient to withstand

davit clearly demonstrate the parties entered into a contract to be performed in South Carolina. Nothing indicates that D&M entered the State of South Carolina, but this is not controlling. A single transaction for the manufacture of goods, conducted by telephone and lasting several months, is sufficient to allow the exercise of personal jurisdiction. *See, e.g., Hammond,* 300 S.C. 458, 388 S.E. (2d) 796 (no entry into state, transaction lasting several months); *Colite Indus., Inc. v. G.W. Murphy Constr. Co., Inc.,* 297 S.C. 426, 377 S.E. (2d) 321 (1989) (single contract lasting ten months for the manufacture of goods in South Carolina and delivery to another state); *Berkeley PG Corp.,* 291 S.C. 315, 353 S.E. (2d) 305 (single business transaction of minimal length conducted by telephone calls and correspondence); *Atlantic Wholesale Co., Inc. v. Solondz,* 283 S.C. 36, 320 S.E. (2d) 720 (Ct. App. 1984) (no entry into state, minimal business activity conducted by telephone).

As to D&M's specific argument on inconvenience, it appears that D&M bore the burden of submitting evidence on this issue. *See Atlantic Wholesale Co.,* 283 S.C. 36, 320 S.E. (2d) 720 (defendant did not prove undue hardship or unfairness). In any event, there is no evidence of inconvenience, and in the absence of such evidence, it is proper to exercise personal jurisdiction. *See, e.g., Colite Indus.,* 297 S.C. 426, 377 S.E. (2d) 321 (the record indicates no greater inconvenience to litigate in South Carolina); *Berkeley PG Corp.,* 291 S.C. 315, 353 S.E. (2d) 305 (no circumstances demonstrating undue hardship); *C.B. Askins,* 281 S.C. 611, 316 S.E. (2d) 713 (court not apprised of any circumstances showing undue hardship). South Carolina has a legitimate interest in providing its citizens a forum to resolve claims for breach of contract. *Colite Indus.,* 297 S.C. 426, 377 S.E. (2d) 321 (failure to pay for goods manufactured in South Carolina and delivered to another state).

We also note, as did the trial judge, that South Carolina law governs the contract between the parties. D&M makes no challenge to this finding by the trial

demurrer to jurisdiction), cert. denied, 474 U.S. 848, 106 S. Ct. 141, 88 L. Ed. (2d) 117 (1985). Although Jenkinson and Durwood pre-date the adoption of the SCRCP, nothing in the SCRCP indicates a complaint's allegations should not be deemed true when considering a preliminary motion to dismiss for lack of personal jurisdiction.

judge, a finding based on the invoices introduced by Springmasters. Although not controlling, a choice of law provision is relevant in deciding whether to exercise personal jurisdiction. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. (2d) 528 (1985); *Colite Indus.,* 297 S.C. 426, 377 S.E. (2d) 321; *Policy Management Sys. v. Consumers Ins. Co.,* 294 S.C. 506, 366 S.E. (2d) 33 (Ct. App. 1988).

Although not raised by D&M, we note the constitutional touchstone is whether the non-resident purposely established minimum contacts in the forum state. *Hammond,* 300 S.C. 458, 388 S.E. (2d) 796. This "purposeful availment" requirement ensures that jurisdiction will not result from random, fortuitous, or attenuated contacts. *Id.* When a non-resident purposefully directs activities at the forum jurisdiction, and it seeks to defeat jurisdiction, it must present a compelling case that the forum should not exercise jurisdiction. *Allen,* 297 S.C. 481, 377 S.E. (2d) 352.

Here, D&M purposefully established contacts in South Carolina. Although D&M did not initiate the transaction, it voluntarily contracted with Springmasters. It knew Springmasters was located in South Carolina. It knew that South Carolina law applied to the contract. It knew that a breach of contract would cause injury to a South Carolina resident. Nowhere does D&M present a compelling case that South Carolina should not exercise jurisdiction.

For these reasons, the decision of the trial judge is

Affirmed.