520 S.E.2d 160

INTERNATIONAL MARICULTURE RESOURCES, a California Subchapter S Corporation, Appellant,

v.

Knox Victor Richardson GRANT and Carlos Domingo Celle, Respondents.

No. 2947.

Court of Appeals of South Carolina.

Submitted June 16, 1999.

Refiled June 28, 1999.

A. Camden Lewis, of Lewis, Babcock & Hawkins; and Richard A. Harpootlian, both of Columbia, for appellant.

Ben Peeples, of Peeples & Stringer, of Charleston; and James F. Flanagan, of Columbia, for respondents.

## ORDER GRANTING PETITION FOR REHEARING AND WITHDRAWING AND SUBSTITUTING OPINION

### PER CURIAM:

After reviewing the Petition for Rehearing in this case, the petition is hereby GRANTED without oral argument. The opinion heretofore filed is hereby withdrawn and the attached opinion is substituted therefor.

### HOWELL, Chief Judge:

International Mariculture Resources (Mariculture) filed suit against Knox Victor Richardson Grant and Carlos Domingo

Celle alleging breach of fiduciary duty, fraud, and civil conspiracy. Grant and Celle filed a motion to dismiss for lack of personal jurisdiction. The trial court judge upheld jurisdiction as to Grant, but denied jurisdiction as to Celle. Mariculture appeals the trial court's dismissal of its claims against Celle. We affirm.

## I.

Mariculture was a shareholder in a British corporation called SeaPerfect PLC (SeaPerfect). SeaPerfect was comprised of two subsidiaries: Atlantic LittleNeck Clam Farms, Inc. (ALC), a South Carolina corporation that owned property and did business in South Carolina, and Cultivos Marinos Internacionales S.A. (CMI), a Chilean company. During most of the time of the commission of the alleged causes of action, both Grant and Celle were on the Board of Directors of SeaPerfect. Grant was also SeaPerfect's operations director. According to the allegations in the complaint, Celle was a resident of Chile and Grant was a resident of South Carolina.

After the purchase of ALC and CMI, SeaPerfect needed working capital. The complaint alleges that, at some point, Celle and Grant devised a plan to purchase the assets of SeaPerfect at a significantly and unlawfully depressed price. Pursuant to their plan, Celle falsely told the Board of Directors of SeaPerfect that he could obtain favorable financing in Chile. As a result of this representation, the Board of Directors put Celle in charge of finding finances. The Board of Directors relied on Celle to obtain the financing.

Mariculture alleges in its complaint that, pursuant to the plan, Celle continued to falsely represent to the Board his attempts to find financing until SeaPerfect was financially vulnerable. Once SeaPerfect's available working capital was nearly consumed, Celle told the Board that his attempts at financing had been unsuccessful. He then offered to personally buy the assets of SeaPerfect for 3.6 million pounds. These assets previously had been valued at thirty million pounds, with liabilities of five million pounds. Faced with no other choice but liquidation, the shareholders of SeaPerfect accepted Celle's offer.

## II.

On appeal, Mariculture argues that personal jurisdiction over Celle is proper. We disagree.

The party invoking personal jurisdiction over a nonresident bears the burden of proving the existence of personal jurisdiction. *See Southern Plastics Co. v. Southern Commerce Bank*, 310 S.C. 256, 259, 423 S.E.2d 128, 130 (1992). At the pretrial stage, this burden is met by a *prima facie* showing of jurisdiction either in the complaint or in affidavits. *See Mid–State Distrib., Inc. v. Century Importers, Inc.*, 310 S.C. 330, 332, 426 S.E.2d 777, 779 (1993); *Springmasters, Inc. v. D & M Mfg.*, 303 S.C. 528, 531, 402 S.E.2d 192, 193 (Ct.App.1991). If the complaint supplies sufficient evidence of jurisdiction, this Court need not look at any affidavits. *See Mid–State Distrib.*, 310 S.C. at 332, 426 S.E.2d at 779; *Springmasters*, 303 S.C. at 531–32, 402 S.E.2d at 193–94. "It is only when the complaint does not demonstrate jurisdiction that the plaintiff must supply other evidence of jurisdiction." *Springmasters*, 303 S.C. at 531, 402 S.E.2d at 193.

> The determination of whether a court may exercise personal jurisdiction over a nonresident involves a two-step analysis. First, the trial judge must determine that the South Carolina long-arm statute applies. Second, the trial judge must determine that the nonresident's contacts with South Carolina are sufficient to satisfy due process requirements.

*Southern Plastics Co.*, 310 S.C. at 259, 423 S.E.2d at 130.

Under South Carolina's long-arm statute, "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's ... commission of a tortious act in whole or in part in this State."[1] S.C.Code Ann. § 36–2–803(1)(c) (1976). "[T]he commission of a 'tortious act in whole or in part in this State' applies to in-state injuries resulting from out-of-state acts or omissions." *Parker v. Williams & Madjanik, Inc.*, 270 S.C. 570, 574, 243 S.E.2d 451, 454 (1978).

The only connections between South Carolina and the torts alleged in the complaint are that ALC was a South Carolina subsidiary of SeaPerfect and that Grant was simultaneously a

---

1. Mariculture makes no argument under any other part of the long-arm statute.

co-conspirator and a resident of South Carolina. Neither connection permits service of process on Celle under the facts of this case.

First, even if tortious injury to ALC could support service of process on Celle, which we decline to decide, Mariculture failed to show, through the pleadings or other evidence, that ALC was injured. Mariculture, as a representative shareholder of SeaPerfect, brought this action claiming injury to *SeaPerfect*. SeaPerfect is a "publicly held British corporation with shares listed on the London Stock Exchange." SeaPerfect's only connection to South Carolina was its subsidiary, ALC, a South Carolina corporation that did business in South Carolina. The complaint merely states that ALC was a subsidiary of SeaPerfect and that Celle intentionally devalued the assets of SeaPerfect. Mariculture never averred any other specific facts connecting Celle's torts to an injury to ALC in South Carolina. Without these averments, inferring tortious injury in South Carolina through injury to ALC would require this Court to engage in impermissible speculation. *See Yarborough & Co. v. Schoolfield Furniture Ind.*, 275 S.C. 151, 153, 268 S.E.2d 42, 43 (1980) ("When jurisdiction is challenged, the plaintiff has the burden of presenting facts sufficient to support jurisdiction.") (emphasis added). Moreover, although Mariculture attached to the complaint a letter from SeaPerfect's board of directors to its shareholders, this letter simply details the financial situation of SeaPerfect when Celle bought its assets. The letter does not mention any connection between any injury to ALC in South Carolina and Celle's alleged torts. Consequently, because neither the complaint nor any other evidence in the record on appeal indicates injury to ALC from Celle's alleged torts, Mariculture has failed to bring its complaint within the scope of the long-arm statute.

Second, Grant's contacts with South Carolina also do not support personal jurisdiction over Celle. As support for its claim to the contrary, Mariculture refers us to *Hammond v. Butler, Means, Evins & Brown*, 300 S.C. 458, 388 S.E.2d 796 (1990). In *Hammond*, the Supreme Court held that, "[i]n certain instances, an out-of-state defendant may be subject to jurisdiction under a long-arm statute on the theory that his co-conspirator conducted activities in a particular state pursuant to the conspiracy." *Id.* at 463, 388 S.E.2d at 798. However, the Court also noted that this holding was consistent with

*Allen v. Columbia Fin. Management,* 297 S.C. 481, 377 S.E.2d 352 (Ct.App.1988). *See Hammond,* 300 S.C. at 464, 388 S.E.2d at 799. In *Allen,* this Court explained, "It is not enough that other members of the alleged conspiracy have numerous contacts with South Carolina. Due Process requires us to examine each appellant's own contacts with South Carolina. We decline to attribute the contacts of one alleged conspirator to another alleged conspirator." 297 S.C. at 490, 377 S.E.2d at 357 (citations omitted).

As a result, even though Mariculture alleged that Grant was a resident of South Carolina during the conspiracy and a coconspirator, his connections with South Carolina do not extend to Celle. Furthermore, Mariculture never alleged in its complaint, nor does any other evidence in the record show, that any of the actions in furtherance of the conspiracy were done in South Carolina.

In conclusion, the allegations in the complaint and the facts in the record are insufficient to bring Mariculture's claims within the scope of the long-arm statute. Because we conclude that the long-arm statute was improperly invoked, we do not reach Mariculture's other arguments. Thus, the circuit court's order concluding that South Carolina lacked personal jurisdiction over Celle is **AFFIRMED.**

ANDERSON and STILWELL, JJ., concur.