**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Charles R. Mikals and Donna Mikals, Appellants,

v.

Debra House, Respondent.

Appellate Case No. 2014-000325

Appeal From Beaufort County
Marvin H. Dukes, III, Special Circuit Court Judge

Unpublished Opinion No. 2015-UP-415
Submitted June 1, 2015 – Filed August 12, 2015

**AFFIRMED**

John E. North, Jr., of North & Black, P.C., of Beaufort, for Appellants.

Joseph Scott Falls, of Falls Legal, LLC, of Charleston, for Respondent.

**PER CURIAM:** Charles and Donna Mikals appeal the circuit court's grant of Debra House's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), SCRCP. The Mikals argue the circuit court erred by (1) weighing the evidence instead of resolving disputed jurisdictional facts in their favor, (2)

incorrectly applying the law pertaining to the fairness prong of the due process analysis for personal jurisdiction, (3) finding the exercise of personal jurisdiction over House would be unfair and unreasonable, and (4) not finding House made a general appearance after she addressed the merits of the case and asked for affirmative relief in her motion to dismiss.  We affirm pursuant to Rule 220(b), SCACR.

1.  We find issue one is immaterial to our resolution of the appeal because our standard of review requires us to consider the complaint, affidavits, and exhibits to decide the question of personal jurisdiction.  *See Cribb v. Spatholt*, 382 S.C. 490, 496-97, 676 S.E.2d 714, 717-18 (Ct. App. 2009) (summarizing the standard of review for a case dismissed under Rule 12(b)(2), SCRCP); *Springmasters, Inc. v. D & M Mfg.*, 303 S.C. 528, 532, 402 S.E.2d 192, 194 (Ct. App. 1991) (addressing an appeal involving personal jurisdiction and stating "*upon our consideration* of the pleadings and evidence, including [the defendant's] affidavit and [exhibits] introduced at the hearing, we conclude the trial judge ruled correctly" (emphasis added)).

2.  As to issues two and three, we find the circuit court did not err in finding it lacked personal jurisdiction over House.  *See Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 491, 611 S.E.2d 505, 508 (2005) ("The question of personal jurisdiction over a nonresident defendant is one which must be resolved upon the facts of each particular case.  The decision of the trial court should be affirmed unless unsupported by the evidence or influenced by an error of law." (internal citation omitted)); *Power Prods. & Servs. Co. v. Kozma*, 379 S.C. 423, 430, 665 S.E.2d 660, 664 (Ct. App. 2008) ("When a nonresident defendant attacks the allegations of a complaint based on jurisdiction, the court is not confined to the allegations of the complaint but may resort to affidavits or other evidence to determine jurisdiction."); *Cockrell*, 363 S.C. at 491, 611 S.E.2d at 508 ("At the pretrial stage, the burden of proving personal jurisdiction over a nonresident is met by a prima facie showing of jurisdiction either in the complaint or in affidavits."); *id.* ("Because South Carolina treats its long-arm statute as coextensive with the due process clause, the sole question becomes whether the exercise of personal jurisdiction would violate due process."); *Cribb*, 382 S.C. at 500-01, 676 S.E.2d at 720 ("Based on our courts' recent trend of compressing a personal jurisdiction analysis into a due process assessment only, our sole question is whether the exercise of personal jurisdiction would violate due process."); *Power Prods.*, 379 S.C. at 431-33, 665 S.E.2d at 664-65 (summarizing the inquiry a court must make when applying the power and fairness prongs of a due process analysis).

3. As to issue four, we find the circuit court did not err in not finding House waived her right to challenge the personal jurisdiction of the circuit court. *See* Rule 12(b)(2), SCRCP (permitting a party to raise the defense of lack of personal jurisdiction in a motion rather than a responsive pleading); *Black's Law Dictionary* 1482 (10th ed. 2014) (defining affirmative relief as "[t]he relief sought by a defendant by raising a counterclaim or cross-claim that could have been maintained independently of the plaintiff's action"); Rule 7, SCRCP (distinguishing counterclaims presented in an answer from grounds raised in a motion); Rule 7(b), SCRCP ("An application to the court for an order shall be by motion which, unless made during a hearing or trial in open court with a court reporter present, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.").

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.